IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JESSE JOSEPH AICH, et al.,**

    **Plaintiffs,**

    v.                                                                          CASE NO.  25-3249-JWL

**RENO COUNTY CORRECTIONAL
FACILITY, et al.,**

    **Defendants.**

## **MEMORANDUM AND ORDER TO SHOW CAUSE**

Plaintiffs are hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiffs' Complaint that are discussed herein.

**I. Nature of the Matter before the Court**

Plaintiffs Jesse Joseph Aich, Cade William Kammerer, and Erik Jason Lamunyon filed this pro se civil rights case under 42 U.S.C. § 1983. Plaintiffs are in custody at the Reno County Correctional Facility in Hutchinson, Kansas ("RCCF"). The Court provisionally grants Plaintiffs leave to proceed in forma pauperis.

Plaintiffs allege that they "bought a few songs under the assumption that they were in fact the full song [and] they were not [and were] cut/chopped up." (Doc. 1, at 2) (cleaned up). Plaintiffs allege that this is criminal "theft by deception" and "extortion." *Id*. Plaintiffs allege that "they refuse to exchange it with a different complete version [or] refund." *Id*. (cleaned up). Plaintiffs claim that "they" are stealing their music and songs are disappearing. *Id*. A Turnkey representative stated that if licensing is lost, then they would also lose the song. *Id*. Deputy Coats said they would issue a refund if they knew the title and date. *Id*. Plaintiffs allege that they have over 300

songs and may not notice, and that "they" do not provide an itemized list of titles. *Id*.

Plaintiffs name the RCCF and Turnkey as the only defendants. As Count I, Plaintiffs claim that "Turnkey deceptively and fraudulently sold me songs that were chopped up, incomplete, and/or possibly edited" constituting theft by deception as well as extortion. *Id*. at 3 (cleaned up). Plaintiffs allege that the Turnkey representative stated that "they claim you have full song [and] will not refund." *Id*. As Count II, Plaintiffs claim that "Turnkey is actually stealing our songs." *Id*. As Count III, Plaintiff Lamunyon claims that he had twenty-plus songs stolen from the playlist. *Id*. at 4. For relief, Plaintiffs seek to have their money refunded and to order Turnkey to provide itemized lists of songs in the future because purchase records only go back 30 days. *Id*. at 5.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th

Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the

line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III. DISCUSSION

**1. Criminal Claims**

Plaintiffs claim theft by deception and extortion. Theft by deception is a crime in Kansas. *See* K.S.A. 21-5801(a)(2). "[E]tortion is generally a criminal offense and not a civil cause of action." *Hufft v. Trustee*, 2025 WL 3190881, at *6 (N.D. Okla. 2025) (citation omitted); *see also* 18 U.S.C. § 1951(b)(2) (defining the crime of extortion).

As a general matter, federal criminal statutes that "do not provide for a private right of action" are "not enforceable through a civil action." *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *see also Campbell v. Hitchcock*, 2021 WL 2550178, at *2 (D. Kan. 2021) (finding that criminal statute prohibiting theft does not confer a private right of action under § 1983) (citing *Ledin v. United States Postal Service*, 2018 WL 11242022 *3 (W.D. Mo. 7/16/2018) (mail theft statute confers no private right of action because it is a criminal statute); *see also, Perry v. Pringle*, 2014 WL 129391 *2 (D. Kan. 1/14/2014) (may not bring a civil cause of action based upon the violation of a criminal statute)).

Likewise, there is no indication that Kansas courts have found that the Kansas criminal statute can be used as the basis for a civil action. *See Droge v. Rempel*, 180 P.3d 1094, 1097 (Kan. App. 2008) (" 'Kansas appellate courts generally will not infer a private cause of action where a

4

statute provides criminal penalties but does not mention civil liability.' ") (quoting *Pullen v. West*, 92 P.3d 584, 597 (Kan. 2004)); *see also LeTourneau v. Venture Corp.*, Case No. 15-cv-2629-JAR, 2017 WL 2378331, at *6 (D. Kan. June 1, 2017) ("the Court is unwilling to infer a private cause of action for a statute with solely criminal penalties"); *cf. Sullivan v. Univ. of Kansas Hosp. Auth.*, 844 F. App'x 43, 51 (10th Cir. 2021) (unpublished) ("[T]he statutory provisions outlawing obstruction of justice do not provide a private cause of action.") (citation omitted).

Further, the Court is not authorized to direct state or federal prosecutorial authorities to bring a criminal case against defendants in a civil case. *See Maine v. Taylor*, 477 U.S. 131, 136 (1986) ("the United States and its attorneys have the sole power to prosecute criminal cases in federal courts"); *Lynn v. Cline*, 2019 WL 2578241, at *2 (D. Kan. 2019) ("This Court cannot order the initiation of criminal charges, which is a decision within the discretion of prosecuting attorneys.") (citing *Presley v. Presley*, 102 F. App'x 636, 636–37 (10th Cir. 2004) (holding that a court order for "investigation and prosecution of various people for various crimes" would "improperly intrude upon the separation of powers")); *State ex rel. Rome v. Fountain*, 678 P.2d 146, 148 (Kan. 1984) ("[A] private individual has no right to prosecute another for crime and no right to control any criminal prosecution when one is instituted. Thus, the philosophy of this state has always been that a criminal prosecution is a state affair and the control of it is in the public prosecutor.").

Plaintiffs do not have a private right of action to enforce criminal laws. Plaintiffs should show good cause why their claims based on theft by deception and extortion should not be dismissed for failure to state a claim.

### 2. Property Claims

Plaintiffs claim that their purchased songs were either taken or they received chopped up

versions of purchased songs instead of the full song. Deprivations of property do not deny due process as long as there is an adequate post-deprivation remedy. A due process claim will arise only if there is no such procedure or it is inadequate. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Smith v. Colorado Dep't of Corr.*, 23 F.3d 339, 340 (10th Cir. 1994) ("Fourteenth Amendment due process guarantees pertaining to property are satisfied when an adequate, state postdeprivation remedy exists for deprivations occasioned by state employees.").

Kansas prisoners have an adequate state post-deprivation remedy. *See generally, Sawyer v. Green*, 316 F. App'x 715, 717, 2008 WL 2470915, at *2 (10th Cir. 2008) (finding Kansas county prisoner could seek relief in state courts to redress alleged deprivation of property). Plaintiffs have failed to allege that an adequate post-deprivation remedy is unavailable. Because an adequate, state post-deprivation remedy exists, Plaintiffs must show good cause why any property claim should not be dismissed for failure to state a claim.

### 3. Constitutional Violation

Plaintiffs have failed to allege any other constitutional violation. Other courts have also found that "[i]tems such as radios, televisions, and video games are luxuries and, as such, are not required by the Constitution." *Drennon v. Idaho Bd. of Corr.*, 2025 WL 1359870, at *7 (D. Idaho 2025) (citing *see, e.g., James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992) (denial of television does not constitute a cognizable civil rights claim); *Murphy v. Walker*, 51 F.3d 714, 718, n. 8 (7th Cir. 1995) (per curiam) (same); *Gladson v. Rice*, 862 F.2d 711, 713 (8th Cir. 1988) (same); *Montana v. Commissioners Court*, 659 F.2d 19, 23 (5th Cir. 1981) ("The claims relating to the usage of radio and television were properly dismissed as frivolous. These claims do not pertain to federal constitutional rights."); *Manley v. Fordice*, 945 F. Supp. 132, 136–37 (D. Miss. 1996) ("[T]here is simply no right to television while incarcerated . . . [S]uch items are *luxuries*, and any

allowance of them in prisons is merely an altruistic act on the part of the Department of Corrections."); *see also Rawls v. Sundquist*, 929 F. Supp. 284, 291 (M.D. Tenn. 1996), *aff'd*, 113 F.3d 1235 (6th Cir. 1997) (no equal protection violation where death row inmates were denied satellite television because that denial "is within the wide-ranging discretion granted to prison administrators and does not impinge the Inmate Plaintiffs' constitutional rights"); *Schloss v. Ashby*, 2011 WL 4804868, *4 (C.D. Ill. 2011) ("Humane treatment means the adequate provision of life's basic necessities, not luxuries such as gaming consoles and other electronic equipment."); *Belton v. Singer*, 2011 WL 2690595 (D.N.J. July 8, 2011) (unpublished) (sexually violent predator civil detainees have no First or Fourteenth Amendment right to use memory sticks, flash drives, thumb drives, external drives, data storage devices, X-box Elite, Play Station 3, or Wii gaming system); *Hedgepeth v. Bartow*, 2010 WL 2990807 (W.D. Wis. July 27, 2010) (no First Amendment right to possess video games or game systems)). "Access to photos, messages, music, and electronic copies of documents are similar luxuries." *Drennon*, 2025 WL 1359870, at *7.

### 4. Defendants

#### A. The RCCF

Plaintiff names the RCCF as a defendant. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989); *Clark v. Anderson*, No. 09-3141-SAC, 2009 WL 2355501, at *1 (D. Kan. July 29, 2009); *see also Aston v. Cunningham*, No. 99–4156, 2000 WL 796086 at *4 n.3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person or

legally created entity capable of being sued"); *Busekros v. Iscon*, No. 95-3277-GTV, 1995 WL 462241, at *1 (D. Kan. July 18, 1995) ("[T]he Reno County Jail must be dismissed, as a jail is not a 'person' within the meaning of § 1983."). Plaintiffs' claims against the RCCF are subject to dismissal.

### B. State Actor/Personal Participation

Plaintiffs also name Turnkey as a defendant. Plaintiffs allege that "Turnkey has no power or authority to act independently of the jail and is a conduit of acting by proxy as well as a third-party provider and by proxy all are one and the same." (Doc. 1, at 5) (cleaned up).

Plaintiffs must show that a defendant was acting under color of state law as required under § 1983. A plaintiff "must show that the alleged deprivation was committed by a person acting *under color of state law*." *West*, 487 U.S. at 48 (emphasis added).

Courts have held that only vendors performing traditional public functions are state actors. "Generally, independent contractors providing essential food services to jails and prisons have been deemed state actors for purposes of § 1983" but courts have concluded "that such liability does not extend to an independent contractor's provision of commissary or canteen services." *McGrath v. Trauth*, 2022 WL 430567, at *2 (S.D. Miss. 2022) (citing *White v. Wilson*, No. 3:19CV441-HTW-LRA, 2020 WL 5163528, at *3 (S.D. Miss. Aug. 2, 2020) (collecting cases)); *see also Bomer v. Access Catalog Co.*, 75 F. App'x 382, 383 (6th Cir. 2003) (holding that vendor that provided televisions and cassette players was not a state actor); *Roberts v. Jack L. Marcus Co.*, 2021 WL 2828379, at *1 (E.D. Wisc. 2021) ("Selling electronics to prisoners is not 'a traditional, public function,' so the mere fact that the vendor may have a contract with the institution is insufficient to transform it into a state actor."); *Montgomery v. Securus Technologies*, 2020 WL 3343000, at *4 (W.D. Ky. 2020) (finding that many courts "have . . . decided that

companies providing telephone services to inmates are not 'state actors' within the meaning of Section 1983") (citations omitted).

Plaintiffs have not named any individuals from the RCCF or any employees of Turnkey as defendants. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) ("But § 1983 imposes liability for a defendant's own actions—personal participation in the specific constitutional violation complained of is essential.") (citing *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") (citation omitted)); *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's *direct personal responsibility* for the claimed deprivation . . . must be established.") (emphasis added) (citation omitted)). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Mere supervisory status is insufficient to create personal liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983 liability). An official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994),

*cert. denied*, 513 U.S. 1183 (1995). A plaintiff alleging supervisory liability must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960 (2011). "[T]he factors necessary to establish a [supervisor's] § 1983 violation depend upon the constitutional provision at issue, including the state of mind required to establish a violation of that provision." *Id*. at 1204 (citing *Iqbal*, 129 S. Ct. at 1949).

In the Tenth Circuit, "to hold a corporation liable under § 1983 for employee misconduct, a plaintiff must demonstrate the existence of the same sort of custom or policy that permits imposition of liability against municipalities under *Monell v. Department of Social Services*, 436 U.S. 658, 694 . . . (1978)." *Wishneski v. Andrade*, 572 F. App'x 563, 567 (10th Cir. 2014) (unpublished) (citations omitted). A corporation may not be held liable based upon respondeat superior because "vicarious liability is inapplicable to . . . § 1983 suits." *Rascón v. Douglas*, 718 F. App'x 587, 589–90 (10th Cir. 2017) (unpublished) (quoting *Iqbal*, 556 U.S. at 676); *see also Spurlock v. Townes*, 661 F. App'x 536, 545 (10th Cir. 2016) (unpublished); *Green v. Denning*, 465 F. App'x 804, 806 (10th Cir. 2012) (unpublished) ("An entity 'cannot be held liable *solely* because it employs a tortfeasor—or, in other words, [it] cannot be held liable under § 1983 on a respondeat superior theory.'") (citation omitted); *Williams v. Correct Care Sols.*, No. 19-3075-SAC, 2019 WL 2005920, at *2 (D. Kan. May 7, 2019); *Jefferson v. Aramark Corr. Servs.*, Case No. 17-3161-SAC, 2017 WL 6557419, at *2 (D. Kan. Dec. 22, 2017); *Livingston v. Correct Care Sols.*, Case No. 07-3256-SAC, 2008 WL 1808340, at *1–2 (D. Kan. Apr. 17, 2008) (stating that "[a] policy is a formal

statement by the private corporation" and "[a] custom is a persistent, well-settled practice of unconstitutional misconduct by employees that is known and approved by the corporation.").

## IV. Response Required

Plaintiffs are required to show good cause why their Complaint should not be dismissed for the reasons stated herein. Failure to respond by the deadline may result in dismissal of this matter without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that the Court provisionally grants Plaintiffs leave to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that Plaintiffs are granted until **December 19, 2025,** in which to show good cause, in writing to the undersigned, why Plaintiffs' Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated November 20, 2025, in Kansas City, Kansas.**

                                           **S/ John W. Lungstrum**
                                           **JOHN W. LUNGSTRUM**
                                           **UNITED STATES DISTRICT JUDGE**