IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JESSE JOSEPH AICH, et al.,

    **Plaintiffs,**

    v.                                                   CASE NO. 25-3249-JWL

RENO COUNTY CORRECTIONAL
FACILITY, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiffs Jesse Joseph Aich, Cade William Kammerer, and Erik Jason Lamunyon filed this pro se civil rights case under 42 U.S.C. § 1983. Plaintiffs are in custody at the Reno County Correctional Facility in Hutchinson, Kansas ("RCCF"). The Court provisionally granted Plaintiffs leave to proceed in forma pauperis. On November 20, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 5) ("MOSC") granting Plaintiffs until December 19, 2025, in which to show good cause why their Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiffs have failed to respond by the Court's deadline.

Plaintiffs allege that they "bought a few songs under the assumption that they were in fact the full song [and] they were not [and were] cut/chopped up." (Doc. 1, at 2) (cleaned up). Plaintiffs allege that this is criminal "theft by deception" and "extortion." *Id*. Plaintiffs allege that "they refuse to exchange it with a different complete version [or] refund." *Id*. (cleaned up). Plaintiffs claim that "they" are stealing their music and songs are disappearing. *Id*. A Turnkey representative stated that if licensing is lost, then they would also lose the song. *Id*. Deputy Coats said they would issue a refund if they knew the title and date. *Id*. Plaintiffs allege that they have over 300 songs and may not notice, and that "they" do not provide an itemized list of titles. *Id*.

Plaintiffs name the RCCF and Turnkey as the only defendants. As Count I, Plaintiffs claim that "Turnkey deceptively and fraudulently sold me songs that were chopped up, incomplete, and/or possibly edited" constituting theft by deception as well as extortion. *Id*. at 3 (cleaned up). Plaintiffs allege that the Turnkey representative stated that "they claim you have full song [and] will not refund." *Id*. As Count II, Plaintiffs claim that "Turnkey is actually stealing our songs." *Id*. As Count III, Plaintiff Lamunyon claims that he had twenty-plus songs stolen from the playlist. *Id*. at 4. For relief, Plaintiffs seek to have their money refunded and to order Turnkey to provide itemized lists of songs in the future because purchase records only go back 30 days. *Id*. at 5.

Plaintiffs claim theft by deception and extortion. The Court found in the MOSC that Plaintiffs do not have a private right of action to enforce criminal laws. Theft by deception is a crime in Kansas. *See* K.S.A. 21-5801(a)(2). "[E]xtortion is generally a criminal offense and not a civil cause of action." *Hufft v. Trustee*, 2025 WL 3190881, at *6 (N.D. Okla. 2025) (citation omitted); *see also* 18 U.S.C. § 1951(b)(2) (defining the crime of extortion). The Court is not authorized to direct state or federal prosecutorial authorities to bring a criminal case against defendants in a civil case. *See Maine v. Taylor*, 477 U.S. 131, 136 (1986) ("the United States and its attorneys have the sole power to prosecute criminal cases in federal courts"); *Lynn v. Cline*, 2019 WL 2578241, at *2 (D. Kan. 2019) ("This Court cannot order the initiation of criminal charges, which is a decision within the discretion of prosecuting attorneys.") (citing *Presley v. Presley*, 102 F. App'x 636, 636–37 (10th Cir. 2004) (holding that a court order for "investigation and prosecution of various people for various crimes" would "improperly intrude upon the separation of powers")); *State ex rel. Rome v. Fountain*, 678 P.2d 146, 148 (Kan. 1984) ("[A] private individual has no right to prosecute another for crime and no right to control any criminal prosecution when one is instituted. Thus, the philosophy of this state has always been that a

criminal prosecution is a state affair and the control of it is in the public prosecutor."). The Court ordered Plaintiffs to show good cause why their claims based on theft by deception and extortion should not be dismissed for failure to state a claim.

Plaintiffs claim that their purchased songs were either taken or they received chopped up versions of purchased songs instead of the full song. The Court found in the MOSC that deprivations of property do not deny due process as long as there is an adequate post-deprivation remedy. A due process claim will arise only if there is no such procedure or it is inadequate. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Smith v. Colorado Dep't of Corr.*, 23 F.3d 339, 340 (10th Cir. 1994) ("Fourteenth Amendment due process guarantees pertaining to property are satisfied when an adequate, state postdeprivation remedy exists for deprivations occasioned by state employees.").

Kansas prisoners have an adequate state post-deprivation remedy. *See generally, Sawyer v. Green*, 316 F. App'x 715, 717, 2008 WL 2470915, at *2 (10th Cir. 2008) (finding Kansas county prisoner could seek relief in state courts to redress alleged deprivation of property). Plaintiffs have failed to allege that an adequate post-deprivation remedy is unavailable. Because an adequate, state post-deprivation remedy exists, Plaintiffs were ordered to show good cause why any property claim should not be dismissed for failure to state a claim.

The Court found in the MOSC that Plaintiffs failed to allege any other constitutional violation. Other courts have found that "[i]tems such as radios, televisions, and video games are luxuries and, as such, are not required by the Constitution." *See* Doc. 5, at 6–7 (citing cases).

The Court's MOSC provides that "[f]ailure to respond by the deadline may result in dismissal of this matter without further notice for failure to state a claim." *Id*. at 11. Plaintiffs have failed to respond by the Court's deadline and have failed to show good cause why their claims

3

should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff Lamunyon's motion for leave to proceed in forma pauperis (Doc. 6) is **denied as moot.**

**IT IS SO ORDERED**.

**Dated December 22, 2025, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**